IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ALFREDA SIMON                                                                              PLAINTIFF

V.                                                        CIVIL ACTION NO. 1:18-CV-00028-SA-DAS

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY                                                     DEFENDANT

ORDER

Alfreda Simon originally filed this case in the Circuit Court of Lowndes County, Mississippi against State Farm Mutual Automobile Insurance Company, alleging that State Farm breached its insurance contract in bad faith. Simon amended her complaint on February 21, 2018. *See* Amended Complaint [2]. State Farm removed the case to this Court on February 21, 2018. *See* Notice of Removal [1]. Presently before the Court is the Plaintiff's Motion to Remand [5] the case back to the Circuit Court.

*Factual Background*

On October 14, 2014, the Plaintiff's car was struck in the rear by an unidentified driver on 7th Avenue North in Columbus, Mississippi. After the Columbus Police Department conducted an investigation, the Plaintiff submitted a claim to her insurance company, Defendant State Farm. Specifically, the Plaintiff sought medical pay coverage for the cost of her therapy with Rehab at Work. According to the Plaintiff, after negotiations and correspondence between the two parties, the Defendant agreed to pay the outstanding bill owed to Rehab at Work. The bill was never paid by the Defendant. The Plaintiff now requests remand and the Defendant opposes.

*Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant, to

the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction. *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between . . . citizens of different states." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accidents Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). After removal of a case, a plaintiff may move for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-9, 61 S.Ct. 868, 85 L. Ed. 1214 (1941).

*Analysis and Discussion*

The Plaintiff objects to the Notice of Removal as untimely and argues that the claim does not satisfy the requisite amount in controversy.

In support of this argument, she first contends that the removal notice should have been filed within thirty days after the filing of the initial complaint. Federal procedure, specifically 29 U.S.C. § 1446(b), squarely addresses this issue. A removal notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, a copy of the [complaint]." 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347, 119 S.Ct. 1322, 143 L.Ed. 2d 448 (1999). Thus, the time for removal runs from the time of service, not filing.

Here, although the initial Complaint [4] was filed on October 12, 2017, the Amended Complaint [2] was filed on November 20, 2017. Service was not perfected on the Defendant until February 6, 2018, making March 6, 2018 the deadline to file a Notice of Removal. *See* Defendant's "Exhibit A" Notice of Service of Process. The Defendant filed its Notice of Removal [1] on February 21, 2018, well within the deadline. Therefore, the Notice of Removal was properly and timely filed with the Court.

The Plaintiff argues next that the amount in controversy does not exceed the requisite $75,000 exclusive of interest and cost. *See* 28 U.S.C. § 1332(a). The Plaintiff asserts that because the complaint does not specify the amount of relief sought, the amount in controversy is merely speculative.

"When a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Safeco Ins. Co. of Indiana v. Kamat*, 846 F. Supp. 2d 755, 758 (S.D. Tex. 2012) (*citing St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *Judd v. Fountainbleau Management Services, LLC*, 2011 WL 2654239, at *3 (N.D. Miss. July 6, 2011). "The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (*quoting Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995)); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

The Plaintiff's Complaint [2] request both compensatory and punitive damages for intentional infliction of emotional distress, mental anguish, and medical bills. The Plaintiff contends that her losses are permanent and continuous. In its calculation, the Court must consider damages suffered as a result of the alleged intentional infliction of emotional distress, mental anguish, and medical bills. In addition to compensatory damages, the Court considers punitive damages in its determination. The Fifth Circuit made clear that when calculating the amount in controversy, punitive damages should be included. *St Paul Reinsurance Co. Ltd.*, 134 F.3d at 1253.

Even if the claimed damages, absent punitive damages, would not reach the jurisdiction minimum, a claim for punitive damages alone may be enough to establish the requisite amount in controversy. The court in *Myers v. Guardian Life Ins. Co. of America, Inc.*, found that considering the plaintiff's punitive damages claim alone, it was facially apparent that the amount in controversy exceeded $75,000 exclusive of interest and cost. 5 F. Supp. 2d 423, 428 (N.D Miss. 1998). To that end, the Court finds it facially apparent that the amount in controversy exceeds the requisite statutory amount.

*Conclusion*

Remand in diversity cases is improper where there is complete diversity and the amount in controversy exceeds $75,000 exclusive of interest and cost. The Defendant has successfully established the jurisdictional requirements for diversity jurisdiction. The Court finds the removal timely and proper and the Plaintiff's Motion to Remand [5] is DENIED.

So ORDERED on this the 29th day of October, 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT COURT JUDGE